PRO SE
Jamaal Applewhite
1614 Main St
Illinois, 60202

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMAAL APPLEWHITE, individually, Plaintiff

vs.

DEERE & COMPANY, Illinois corporation.
Deendant

Case No.   18-4106

COMPLAINT FOR EMPLOYMENT REINSTATEMENT, COMPENSATORY DAMAGES, INTEREST, ATTORNEY'S FEES AND COSTS UNDER FMLA

DEMAND FOR JURY TRIAL

Plaintiff Jamaal Applewhite ("Applewhite") complains of the defendant as follows:

### JURISDICTION

1.   This action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601 § et seq.  This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

### VENUE

2.   The claims asserted in this action arose within this district and the alleged discrimination and damage occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 2617 and 28 U.S.C. § 1391.

### PARTIES

3.	Applewhite is, and at all times material hereto was, a citizen of the State of Illinois, residing in Rock Island, Illinois.

4.	Applewhite is informed and believes, and upon that basis alleges, the defendant Deere and Company, Inc. ("Deere") is and was at all times material hereto, an Illinois corporation doing business in this district, having its principal place of business in Moline, Illinois.

5.	Applewhite, is informed and believes, and upon that basis alleges, that Claya Knupp ("Knupp") is, and at all times material hereto was, an agent, employee and servant of the master, Deere, and was acting within the course and scope of her agency or employment authority as such, with knowledge, express or implied, of Deere. Knupp, acting under authority of Deere, terminated Applewhite for being absent during the time he was on a leave of absence permitted under the FMLA. Accordingly, adherence to the fiction that Knupp was acting outside the scope of her authority would permit abuse of the corporate privilege and would sanction fraud and promote injustice. Applewhite has not named Knupp as a defendant in this action to the extent prohibited by law.

GENERAL ALLEGATIONS

6.	At all times material hereto, Applewhite was an employee of Deere, employed primarily as a cost Cost Management Specialist, commencing June 2014 until June 2016, reporting to the Cost Management Manager of Deere, Mark Matter ("Matter"). The Cost Management Specialist position required both project management skills and cost estimating skills, where are possessed by Applewhite.

7.	On or about June 1, 2015, Applewhite was notified that his mother, Zinda Applewhite ("Zinda"), had been showing signs of chronic major depressive symptoms (a "flare up"). Due to Zinda's condition, Applewhite was instructed to be present with Zinda during such flare ups, providing support and facilitating medical treatments required to deal with chronic anxiety and

depression. Consequently, Applewhite submitted requests for an unpaid intermittent leave of absence permitted under the FMLA. The requests were accepted and approved by Deere. The last request and approval occurring on or about May 15, 2016.

8.      During Applewhite's leave, Zinda was under the psychiatric care of Dr. Jolanta McNamara ("Dr. McNamara"). Dr. McNamara diagnosed Zinda as having chronic anxiety and depression and advised Applewhite that Zinda should have support and assistance with medical treatments, requiring Applewhite to be present with Zinda twenty-four hours per episode, which occurred about twice per week.

9.      During Applewhite's absences, which lasted approximately twenty-hours per flare up, Applewhite contacted Matter, Knupp and Disability Services several times by e-mail, providing Matter with an update on Zinda's health and requesting additional time off to care for Zinda. During the same period Mater and Knupp also left Applewhite several e-mail messages.  At one point during this period, Knupp changed his working hours to be more a specific, set time and warned Applewhite that he could be terminated for excessive absenteeism and tardiness.

10.     On or about June 11, 2016 at 10:00 AM, Applewhite was notified that his mother, Zinda Applewhite ("Zinda"), had been showing signs of chronic major depressive symptoms ("flare up"). Applewhite immediately left Deere to tend to Zinda. On the same day, Applewhite left a message with Matter and Disability Services that he required some time off to take care of Zinda.

11.     On or about June 12, 2016 before 10:00 AM, Applewhite returned to work. That same day Knupp terminated Applewhite's employment with Deere, citing tardiness. Deere neither requested an explanation, offered to adjust Applewhite's working hours,  nor offered him a

commensurate position with similar required skills as the skills required for the Cost Management Specialist position to enable his continued employment at Deere.

12.     Applewhite is informed and believes, and on that basis alleges, that in performing the actions alleged in paragraph 11 above, defendant failed to comply with the applicable statues and regulations, and instead, performed these actions in such a way to discriminate against Applewhite by terminating his employment while on leave managed by the FMLA.

13.     Applewhite is informed and believes, and on that basis alleges, that, as a proximate result of defendant's conduct. (1) Applewhite's right to extended intermittent leave to care for his seriously ill parent was interfered with and impaired; (2) Deere's terminating was in retaliation to Applewhite taking a leave of absence to care for his parent and violated his right to the same or equivalent employment upon his return from leave; and (3) Applewhite's new assignment to specific working hours was perpetuated knowing that the change in hours would cause a severe hardship to Applewhite, forcing his tardiness.

14. As a proximate cause of defendant's conduct, Applewhite was not compensated during his leave of absence and was required to expend significant personal sums for Zinda's medical necessities and his own physical and mental well-being. Additionally, as a proximate cause of defendant's conduct, Applewhite has been unemployed and has been and will continue to experience a loss of wages while being forced. Expend significant personal sums in order to obtain reinstatement to the Cost Management position to which he is entitled, to provide food, shelter, and clothing for himself. These expenditures and costs are consistent with those recoverable for violation of the FMLA.

### FIRST CLAIM FOR RELIEF
(Compensatory Damages Under the FMLA)

29 U.S.C. § 2617 (a)

15.     Applewhite realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 14, inclusive.

16.     Applewhite is informed and believes and on that basis alleges, that Deere qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Applewhite is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611 (2).

17.     Applewhite is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that Applewhite was denied his entitlement to leave as prescribed in the FMLA.

18.     Applewhite is informed and believes, and on that basis alleges, that Applewhite was entitled to restoration to his position as described in the FMLA, 29 U.S.C. § 2614(1), and that Applewhite was denied restoration to the same or equivalent position as prescribed in the FMLA.

19.     Applewhite is informed and believes and on that basis alleges that defnedant is responsible under the FMLA, 29 U.S.C. § 2617(a).

20. As the result of Applewhite's termination, Applewhite has incurred and is now incurring, a loss of wages, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount ot be proved at trial, but believed to exceed $200,000. These costs included, without limitation, lost wages and medical expenses during Applewhite's leave of absence, back pay from the effective date of termination, lost medical expenses from the date of termination, and lost lost employment benefits from the date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617. The costs also include attorneys' fees.

21.     Applewhite is informed and believes, and on that basis alleges, that pursuant to 29 U.S.C. § 2617(a), defendant is liable to Applewhite for the costs described in the preceding paragraph.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief For Compensatory Damages Under the FMLA)

29 U.S.C. § 2617(a)

22.     Applewhite realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21 above.

23.     An actual controversy now exists between Applewhite on the one hand, and defendants, on the other, n that Burton contends that defendant is liable under the FMLA, 29 U.S.C. § 2617(a), for all lost wages, benefits, and costs to be incurred by Applewhite and reinstatement of Applewhite to his previous position of Cost Management Specialist, in connection with the alleged employment discrimination perpetrated Deere. Applewhite is informed and believes, and on that basis alleges, that the defendant contends in all respects to the contrary.

24.     A declaration of the rights and obligations of the parties, pursuant to the FMLA, 29 U.S.C. § 2617(a), binding in any subsequent action or actions to recover further costs incurred by Burton, is appropriate and in the interest of justice.

WHEREFORE, Applewhite prays for judgement against the defendant as follows:

AS TO THE FIRST CLAIM FOR RELIEF FOR COMPENSATORY DAMAGES UNDER THE FMLA.

1. For compensatory damages and other costs incurred by Applewhite according to proof, but relieved to exceed $200,000, and reinstatement of Applewhite to his previous position of Cost Management Specialist.

2. For Applewhite's reasonable attorney's fees.

AS TO THE SECOND CLAIM FOR RELIEF FOR DECLARATORY RELIEF UNDER THE FMLA.

3. For a judicial declaration that the defendant is liable under the FMLA, 29 U.S.C. § 2617(a) for all past, present and future lost wages, employment benefits and other costs incurred by Applewhite in connection with Applewhite's termination of employment of Deere, including, without limitation, reasonable attorneys' fees.

AS TO ALL CLAIMS

4. For a costs of suit herein; and

5. For such other and further relief as the Court seems just and proper.

Dated: June 11, 2018                                       By:_____

                                                           Plaintiff Jamaal Applewhite