# UNITED STATES DISTRICT COURT
For the
Central District of Illinois

JAMAAL APPLEWHITE,

    Plaintiff,

        v.

DEERE & COMPANY, INC., a Delaware Corporation,

    Defendant.

Case no. 4:18-cv-04106-SLD-JEH

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DEPOSITION ATTENDANCE, REDACTED DOCUMENTS, AND ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR DOCUMENT PRODUCTION**

Plaintiff, Jamaal Applewhite ("Applewhite"), by and through himself, hereby provides the following Motion:

**PRELIMINARY STATEMENT**

The discovery period closes July 11, 2019, as agreed by both Parties. On March 25, 2019 Plaintiff noticed it would take the Defendant's deposition. After much delay by Defendant, and follow up by Plaintiff, Defendant agreed, near the close of the discovery period, to present witnesses. Due to delays caused by Defendant, deposition options may have to be limited in duration, number and type. Even though it limits the Plaintiff's deposition plans, Plaintiff wishes to maintain the current discovery and trial schedules.

Defendant refused to present witnesses for deposition, and answer interrogatories and requests for production because it argued that the relevant time period in the lawsuit spanned only 6 months from the approval of Plaintiff's operative FMLA leave in December 2015 to the termination of his employment in June 2106. Defendant argued that the only relevant parties

that needed to be deposed were the Plaintiff's direct supervisory and Deere Human Resources employees who oversaw the Plaintiff's FMLA case. Plaintiff disagreed with Deere on what should be considered the relevant time period. The Plaintiff explained that the relevant time period spanned several month priors to the approval of his FMLA leave in December. Specifically, Plaintiff explained that the depositions of employees that were his Human Resources representatives, colleagues, and direct supervisors prior to 2015 was important because they were important in helping to compare Deere's actions and behavior patterns before his FMLA approval to actions and behavior patterns after his FMLA was approved.

## **PLAINTIFF'S ARGUMENT**

### 1.     **The Court Should Compel Defendant to Appear for Its Deposition**

March 25, 2019, Plaintiff put Deere on notice that the Plaintiff would depose Matt Steuer ("Steuer") as soon as possible and requested Steuer's availability. Deere responded the following day, that they would "follow up as soon as possible with [their] position" (Exhibit A). Approximately 39 days later, on May 6, 2019, after receiving no additional response regarding the deposition of Steuer, Plaintiff requested a response from Deere. Deere replied, requesting that the Plaintiff share the "basis [he] seek[s] to take [Steuer's] deposition" (Exhibit B). The Plaintiff complied to Deere's request. The Plaintiff shared the importance and significance of Steuer's deposition, and put Deere on notice that Steuer's Deposition was scheduled for July 1, 2019 beginning at 10:00 AM at Moline Public Library (Exhibits C & D). Approximately 88 days later, on June 13, 2019, Defendant finally shared that it would not consent to the deposition of Steuer (Exhibit C, page 5).

In similar fashion, by way of telephone and e-mail conferences, Plaintiff has conferred with Defendant to establish dates and times that Defendant's representatives would available for deposition. Even though Plaintiff properly noticed Defendant with adequate time to response, Defendant refused to present any of the 10 requested witnesses. Plaintiff begs the Court to compel Defendant's presence for deposition July 25th and/or July 26th from 9:30 AM to 4:00 PM at Moline Public Library.

2.      **The Court Should Compel Defendant to Provide Discovery Material Previously Redacted by Defendant**

Defendant produced over 20 emails with redacted content that highlights the discriminative and retaliatory actions practiced by Defendant. Defendant erroneously claims that each document is protected by attorney-client privilege. For that reason, the Court should compel Defendant to produce previously redacted documents, without redaction.

3. **The Court Should Compel Defendant to Answer Plaintiff's Interrogatories and Requests for Production of Documents**

Defendant offer boilerplate objection that do not offer any specificity.

Dated: July 11, 2019

Respectfully Submitted,

By: s/ Jamaal Applewhite
*Pro se* Plaintiff
Evanston, IL 60202
E-Mail: JamaalApplewhite@gmail.com

**CERTIFICATE OF SERVICE**

I, Jamaal Applewhite, an attorney, hereby certify that on the 11th day of July, 2019, a true and correct copy of the foregoing was sent via electronic mail to Defendant at:

Christopher J. Boran,
Allison N. Powers
Phone: 312-324-1000
Fax: 312-324-1001
christopher.boran@morganlewis.com
allison.powers@morganlewis.com
***Attorneys for Defendant Deere & Company***

By: s/ Jamaal Applewhite
*Pro se* Plaintiff

3