# Exhibit

# C

Federal Rule 33(d), the answer to this Interrogatory may be ascertained from documents Deere previously produced, bates stamped DEERE_APPLEWHITE_001054.

**INTERROGATORY NO. 3.** Why was the June 7, 2016 FMLA related meeting scheduled by Applewhite not attended by any Deere representatives?

**ANSWER:** Deere objects to Plaintiff's characterization of the "June 7, 2016 FMLA related meeting …." in Interrogatory No. 3. Deere further objects on grounds that it is overbroad, unduly burdensome, and seeks information that is neither proportional nor relevant to the parties' claims or defenses. Deere further objects on the grounds that "Deere representatives" is ambiguous as used in this Interrogatory.

Subject to the foregoing objections, Deere interprets this Interrogatory to mean the meeting requests Plaintiff emailed to Jeffrey Chisholm and Kevin Curran on June 7, 2016, after having received a written warning for excessive tardiness/absenteeism on June 6, 2016. Chisholm declined Plaintiff's meeting request because Plaintiff did not report to Chisholm and did not work in Deere's Disability Services, which processed Plaintiff's FMLA paperwork. Pursuant to Federal Rule 33(d), the answer to this Interrogatory with respect to Curran may be ascertained from documents Deere previously produced, bates stamped DEERE_APPLEWHITE_000866.

**INTERROGATORY NO. 4.** Did Deere, in part, decide to terminate Applewhite's employment because any of the Plaintiff's alleged tardiness(es) or absence(s) that occurred on any dates from May 9, 2016 to May 19, 2016, including May 19th?

**ANSWER:** Plaintiff's cumulative tardiness/absenteeism occurring before and after Deere granted Plaintiff's FMLA leave request in December 2015 factored in Deere's decision to terminate Plaintiff's employment. Pursuant to Federal Rule 33(d), the answer to this Interrogatory

3

may also be ascertained from documents Deere previously produced, bates stamped DEERE_APPLEWHITE_000904-000905.

**INTERROGATORY NO. 5.** Was the warning issued to Applewhite on June 6, 2016 by Claya Knupp due to, in part, Applewhite's alleged late arrival to work on June 2, 2016? Was the same warning part of Deere's progressive discipline for the Plaintiff, which eventually led to the termination of his employment?

**ANSWER:** Pursuant to Federal Rule 33(d), the answer to this Interrogatory may be ascertained from documents Deere previously produced, bates stamped DEERE_APPLEWHITE_000903-000906.

**INTERROGATORY NO. 6.** Did the Plaintiff's FMLA designation status or the allotted FMLA hours influence the decision of which telework arrangements would be offered to him?

**ANSWER:** Deere objects on the grounds that "allotted FMLA hours" is ambiguous as used in this Interrogatory. Subject to the foregoing objection, pursuant to Federal Rule 33(d), the answer to this Interrogatory may be ascertained from documents Deere previously produced, bates stamped DEERE_APPLEWHITE_001348.

**INTERROGATORY NO. 7.** Of the unit 90 supply management employees, how many stopped working for Deere between the years 2005 and 2019? How many of those employees resigned? How many of those employees were terminated? Which employees were offered a severance package? Which employees had been approved for FMLA [*sic*].

**ANSWER:** Deere objects to Interrogatory No. 7 on the grounds that "unit 90 supply management employees" is ambiguous as used in this Interrogatory. Deere further objects on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither proportional nor relevant to the parties' claims or defenses. Specifically, Deere granted Plaintiff leave under the

**INTERROGATORY NO. 11.**  In terms of excessive tardiness and absenteeism, how does Deere define "excessive?"

**ANSWER:**  As provided in the written warning dated June 6, 2016, DEERE_APPLEWHITE_000852-DEERE_APPLEWHITE_000853, "excessive absenteeism and tardiness" includes, *inter alia*, a number of unexcused hours/days absent and/or tardy that demonstrates a lack of dependability and creates issues with Deere team members and stakeholders.

**INTERROGATORY NO. 12.**  Did Deere, in the year 2016, warn plaintiff of employment deficiencies prior to terminating the plaintiff's employment ? If the answer is yes, what date(s)? By what means? Did plaintiff protest the warning(s)? If so, on what grounds? To whom? What was the result of his protest?

**ANSWER:**  Deere objects to Interrogatory No. 12 on the grounds that "employment deficiencies" and "warn" is ambiguous as used this Interrogatory. Deere additionally objects to the extent that "protest" asserts a legal conclusion. Deere further objects to this Interrogatory on the grounds it requires an unduly burdensome narrative of meetings and written communications regarding Plaintiff's absenteeism/tardiness issues through June 15, 2016.

Subject to the foregoing objections, pursuant to Federal Rule 33(d) the answer to this Interrogatory—which is limited to examples where Deere informed and/or "warn[ed]" Plaintiff in writing of his absenteeism/tardiness issues—may be ascertained from documents Deere previously produced, bates stamped:

    DEERE_APPLEWHITE_001566; DEERE_APPLEWHITE_001561;
    DEERE_APPLEWHITE_001351; DEERE_APPLEWHITE_000903;
    DEERE_APPLEWHITE_000975; DEERE_APPLEWHITE_001059;
    DEERE_APPLEWHITE_000001.

These documents include Plaintiff's corresponding responses.

**INTERROGATORY NO. 13.** In regrads [*sic*] to any and all unit 90 [*sic*] Deere employees who worked in the supply management [*sic*] department, and were disciplined and/or warned for tardiness and/or absenteeism during the year(s) 2012, 2013, 2014, 2015 and/or 2016, share details regarding the warning or discipline. Details about each case shouldd [*sic*] include, but not be limited to, Deere's reason(s) for choosing to discipline and/or warn the employee, expected arrival time, actual arrival time, date(s) late or absent, employee's service years with the company, whether the employee had been approved for FMLA, disciplined administered, the employee's exempt status, and progressive steps taken.

  **ANSWER:** Deere objects to Interrogatory No. 13 on the grounds that "to any and all unit 90 [*sic*] Deere employees who worked in the supply management [*sic*] department" is ambiguous. Deere further objects on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither proportional nor relevant to the parties' claims or defenses. Specifically, the Interrogatory requests information regarding "90 Deere employees who worked in the supply management department and were disciplined and/or warned for tardiness and/or absenteeism during the year(s) 2012, 2013, 2014, 2015 and/or 2016" and thus seeks information that is irrelevant to this lawsuit inasmuch it requests information relative to Deere employees who were not similarly situated to Plaintiff and who were not otherwise required to follow the same standards as Plaintiff. Deere further objects to the temporal scope of this Interrogatory. Deere additionally objects to the extent this Interrogatory seeks information protected by the attorney-client privilege or work product doctrine. Deere also objects to this Interrogatory to the extent it seeks confidential information from individuals who are not parties to this action.

Subject to the foregoing objections and limiting its answer to individuals who reported directly to Mark Matter during the relevant time period, no such employees exhibited excessive tardiness/absenteeism warranting discipline.

**INTERROGATORY NO. 14.** For the years 2015 and 2016, what date(s) did the Plaintiff arrive to work late or not at all, without a FMLA-protected excuse? On each day that he was tardy, what time did he arrive?

Deere objects to this Interrogatory on the grounds that it improperly limits Plaintiff's tardiness/absenteeism issues to late "arriva[ls]" to work, where Plaintiff also was absent from and/or tardy to meetings. Deere also objects to this Interrogatory on the grounds "FMLA-protected excuse" is a legal conclusion, and Deere's answer does not waive its right to challenge nor does it accept as true: that Plaintiff was entitled to receive FMLA leave or that any of Plaintiff's reported FMLA leave was for FMLA-qualifying reasons; furthermore, Deere does not waive the right to challenge that any FMLA intermittent leave reported by Plaintiff was exhausted for any workweek.

Subject to the foregoing objections, pursuant to Federal Rule 33(d), the answer to this Interrogatory may be ascertained from documents Deere previously produced, bates stamped:

| Absenteeism/Tardiness | FMLA Leave Reported by Plaintiff |
|---|---|
| DEERE_APPLEWHITE_0001508 (excluding Feb. 10, 2016) | DEERE_APPLEWHITE_000990 |
| DEERE_APPLEWHITE_001351 | DEERE_APPLEWHITE_000318 |
| DEERE_APPLEWHITE_000903 | DEERE_APPLEWHITE_000837 |
| DEERE_APPLEWHITE_001033 | DEERE_APPLEWHITE_001872 |
| DEERE_APPLEWHITE_000819 | |
| DEERE_APPLEWHITE_001059 | |
| DEERE_APPLEWHITE_001561 | |

**INTERROGATORY NO. 15.** Did Applewhite's FMLA situation have an impact on how his work performance was perceived?

5