E-FILED
Saturday, 25 January, 2020 12:38:02 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## For the
## Central District of Illinois

JAMAAL APPLEWHITE,

      Plaintiff,

      v.

DEERE & COMPANY, INC., a Delaware Corporation,

      Defendant.

Case no.: 4:18-cv-04106-SLD-JEH

---

**DECLARATION OF JOLANTA MCNAMARA IN SUPPORT
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**

---

I, Jolanta McNamara, LCPC, hereby declare as follows:

1.    I have personal knowledge of the facts set forth below, to which I could and would competently testify under if called as a witness.

2.    From approximately August 2015 to until after June 2016, I worked as a Psychotherapist/Outpatient Clinical Therapist at Riveredge Hospital located at 8311 W. Roosevelt Road, Forest Part, Illinois 60130. During this period Zinda Applewhite was a patient of mine.

3.    On December 23, 2015, I completed a medical health certification form in which I noted that the probable duration of Ms. Applewhite's health condition was "INDEFINITE," and estimated the frequency of flare-ups to be sixty times (60) per two (2) months, and one (1) day of related incapacity per episode. Attached hereto as Bates nos. DEERE_APPLEWHITE_001654-001656 is a true and correct copy of the medical certification that I completed and signed.

4.    On May 13, 2016, I completed a medical recertification, which I previously postponed until Ms. Applewhite next appointment with me. Thereafter, I immediately

completed and signed it. Attached hereto as Bates nos. DEERE_APPLEWHITE_000277-000279 is a true and correct copy of the medical recertification.

5.  The frequency and duration estimates of Ms. Applewhite's episodic flare-ups that I provided in Ms. Applewhite's original certification and subsequent recertifications were not to be considered exact because the duration and frequency of her flare-ups were not predictable.

6.  In regards to the word "day," as used in the medical certifications, I used it to describe the period, initiated at the onset of Ms. Applewhite's flare ups, ending twenty-four (24) hours later, not necessarily ending by midnight the same day or at the conclusion of Jamaal Applewhite's ("Mr. Applewhite's") workday.

7.  On or about May 24, 2016, a Deere & Company representative contacted me to confirm that the medical certification was completed and signed by me. It did not contact me to confirm that Mr. Applewhite's FMLA intermittent leaves of absence were consistent with Ms. Applewhite's need for care. It also did not contact me to clarify the flare-up estimates that I provided.

8.  Mr. Applewhite's planned and last minute requests for intermittent leaves of absence during the year 2016 for the following days were not inconsistent with Ms. Applewhite's need for care for her serious health condition: February 26; April 8; April 12-15; April 20-21; April 25-29; May 16; May 31 to June 2; June 13-15, and the other days listed in his email to Disability Services attached hereto as Bates no. DEERE_APPLEWHTIE_001116.

Executed on this 2nd th day of December, 2019, in Illinois.

_Jolanta McNamara MA, LCPC_
Jolanta McNamara MA, LCPC (Dec 2, 2019)

Jolanta McNamara, LCPC

**SECTION III:** For Completion by the HEALTH CARE PROVIDER

**INSTRUCTIONS to the HEALTH CARE PROVIDER:** The employee listed above has requested leave under the FMLA to care for your patient. Answer, fully and completely, all applicable parts below. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the patient needs leave. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), or genetic services, as defined in 29 C.F.R. § 1635.3(e). Page 3 provides space for additional information, should you need it. Please be sure to sign the form on the last page.

Provider's name and business address: _Jolanta McNamara_   RIVEREDGE HOSPITAL 8311 W. ROOSEVELT RD. FOREST PARK, IL 60130

Type of practice / Medical specialty: _PSYCHOTHERAPY_

Telephone: ( _773_ ) _320-6746_         Fax:( _____ ) _____

PART A: MEDICAL FACTS

1. Approximate date condition commenced: _1-1-2015_

   Probable duration of condition: _UNDETERMINED_

   Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility? _✓_ No ___ Yes. If so, dates of admission: _____

   Date(s) you treated the patient for condition: _BEGINNING IN JULY 2015_

   Was medication, other than over-the-counter medication, prescribed? ___ No _✓_ Yes.

   Will the patient need to have treatment visits at least twice per year due to the condition? ___ No _✓_ Yes

   Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)? ___ No _✓_ Yes. If so, state the nature of such treatments and expected duration of treatment:

   _PSYCHIATRIST FOR AN EVALUATION_

   _____

2. Is the medical condition pregnancy? _✓_ No ___ Yes. If so, expected delivery date: _____

3. Describe other relevant medical facts, if any, related to the condition for which the patient needs care (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

   _PANIC ATTACKS, ANXIETY, INCREASED STRESS AND_

   _CHRONIC MAJOR DEPRESSIVE SYMPTOMS_

   _____

Page 2                    CONTINUED ON NEXT PAGE                    Form WH-380-F Revised May 2015

PART B: AMOUNT OF CARE NEEDED: When answering these questions, keep in mind that your patient's need for care by the employee seeking leave may include assistance with basic medical, hygienic, nutritional, safety or transportation needs, or the provision of physical or psychological care:

4. Will the patient be incapacitated for a single continuous period of time, including any time for treatment and recovery? ___No ✓ Yes.

Estimate the beginning and ending dates for the period of incapacity: __7|1|15  TO  TBD__

During this time, will the patient need care? __ No ✓ Yes.

Explain the care needed by the patient and why such care is medically necessary:

SUPPORT AND FACILITATING MEDICAL TREATMENTS;
PROVIDE PT WITH ASSISTANCE IN DEALING WITH
CHRONIC ANXIETY AND DEPRESSION

5. Will the patient require follow-up treatments, including any time for recovery? ___No ✓ Yes.

Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

WEEKLY FROM 7|1|15 TO TBD

Explain the care needed by the patient, and why such care is medically necessary: _____

SUPPORT AND TRANSPORT

6. Will the patient require care on an intermittent or reduced schedule basis, including any time for recovery? __ No ✓ Yes.

Estimate the hours the patient needs care on an intermittent basis, if any:

_____ hour(s) per day; _____ days per week   from _____ through _____

Explain the care needed by the patient, and why such care is medically necessary:

_____

_____

_____

_____

DEERE_APPLEWHITE_000278

7. Will the condition cause episodic flare-ups periodically preventing the patient from participating in normal daily activities? ____No  ✓ Yes.

Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

Frequency: 18  times per ____ week(s) ____ month(s)

Duration: ____ hours or  3  day(s) per episode

Does the patient need care during these flare-ups? ____ No ____ Yes.

Explain the care needed by the patient, and why such care is medically necessary: _____

> MOSTILE  WORK  ENVIRONMENT  TRIGGERS
>
> PATIENTS  ANXIETY  AND  CHRONIC  DEPRESSION, ETC...

ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER.

> DIFFICULT  SITUATIONS  TRIGGERED  BY  CO-WORKERS
>
> AND  STAFF  CAUSE  A  VERY  STRESSFUL  ENVIRONMENT
>
> AND  CONSEQUENTLY  INCREASED  LEVELS  OF  ANXIETY
>
> AND  DEPRESSION .

_Ronda L. Inaman_ MD, LCPC          5-13-16

**Signature of Health Care Provider**          **Date**

## PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.**

Form WH-380-F Revised May 2015

DEERE_APPLEWHITE_000279

Message

| From: | Applewhite Jamaal L [/O=DEERE/OU=JDCORP/CN=RECIPIENTS/CN=JA58679] |
|---|---|
| Sent: | 5/9/2016 9:07:21 PM |
| To: | Disability Services [disabilityservices@johndeere.com] |
| CC: | Matter Mark E [mattermarke@johndeere.com] |
| Subject: | FMLA HOURS - May 9th Update |

| Intermittent FMLA | | |
|---|---|---|
| Date(s) Taken | FMLA Hours Taken | Unpaid or Vacation |
| 5/6/16 | 8 | unpaid |
| 5/5/16 | 8 | Unpaid |
| 5/2/16 | 8 | unpaid |
| 4/29/16 | 8 | unpaid |
| 4/28/16 | 8 | unpaid |
| 4/27/16 | 8 | unpaid |
| 4/26/16 | 8 | unpaid |
| 4/25/16 | 8 | unpaid |
| 4/21/16 | 8 | Unpaid |
| 4/20/16 | 8 | unpaid |
| 4/15/16 | 8 | Unpaid |
| 4/14/16 | 2 | unpaid |
| 4/13/16 | 7 | unpaid |
| 4/12/16 | 7 | unpaid |
| 3/23/16 | 5 | unpaid |
| 2/26/16 | 8 | unpaid |
| 2/25/16 | 8 | unpaid |
| 2/16/16 | 2 | unpaid |
| 2/10/16 | 4.5 | unpaid |
| 2/9/16 | 8 | unpaid |
| 1/7/16 | 8 | unpaid |

**From:** Disability Services
**Sent:** Friday, May 06, 2016 8:04 AM
**To:** Applewhite Jamaal L <ApplewhiteJamaalL@JohnDeere.com>; Disability Services <DisabilityServices@johndeere.com>
**Cc:** Matter Mark E <MatterMarkE@JohnDeere.com>
**Subject:** RE: FMLA HOURS - May 5th Update

Jamaal,

Thank you for updating your hours.  Again, as in my previous email attached you will need to update your record of hours in below spreadsheet to include the FMLA you took from 4/25-4/29.

Please complete this and send back to me by Monday.

## SECTION III:  For Completion by the HEALTH CARE PROVIDER

**INSTRUCTIONS to the HEALTH CARE PROVIDER:**  The employee listed above has requested leave under the FMLA to care for your patient.  Answer, fully and completely, all applicable parts below.  Several questions seek a response as to the frequency or duration of a condition, treatment, etc.  Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient.  Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage.  Limit your responses to the condition for which the patient needs leave.  Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), or genetic services, as defined in 29 C.F.R. § 1635.3(e).  Page 3 provides space for additional information, should you need it.  Please be sure to sign the form on the last page.

Provider's name and business address: __JOLANTA MCNAMARA, LCPC__  RIVEREDGE HOSPITAL 8311 W. ROOSEVELT RD FORESTPARK, IL. 60130

Type of practice / Medical specialty: __PSYCHOTHERAPIST / OUTPATIENT CLINICAL THERAPIST__

Telephone: ( 773 ) 320-6746 _____ Fax:( _____ )

## PART A:  MEDICAL FACTS

1. Approximate date condition commenced: __AUGUST 2015__

   Probable duration of condition: __INDEFINITE__

   Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
   __✓__ No  ___ Yes.  If so, dates of admission: _____

   Date(s) you treated the patient for condition: __WEEKLY SINCE AUGUST 2015__

   Was medication, other than over-the-counter medication, prescribed? ___ No  __✓__ Yes.

   Will the patient need to have treatment visits at least twice per year due to the condition? ___ No  __✓__ Yes

   Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
   ___ No  __✓__ Yes.  If so, state the nature of such treatments and expected duration of treatment:

   __PATIENT SEES DR. DZIEZINSKI FOR MEDICATION MANAGEMENT__

2. Is the medical condition pregnancy? __✓__ No  ___ Yes.  If so, expected delivery date: _____

3. Describe other relevant medical facts, if any, related to the condition for which the patient needs care (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

   __PATIENT NEEDS SUPPORT DUE TO DEPRESSIVE__

   __SYMPTOMS__

CONFIDENTIAL                                                                 DEERE_APPLEWHITE_001654

PART B: AMOUNT OF CARE NEEDED: When answering these questions, keep in mind that your patient's need for care by the employee seeking leave may include assistance with basic medical, hygienic, nutritional, safety or transportation needs, or the provision of physical or psychological care.

4. Will the patient be incapacitated for a single continuous period of time, including any time for treatment and recovery? ✓ No ___ Yes.

Estimate the beginning and ending dates for the period of incapacity: TO BE DETERMINED

During this time, will the patient need care? ___ No ✓ Yes.

Explain the care needed by the patient and why such care is medically necessary:

PATIENT (LINDA APPLEWHITE) WILL NEED SUPPORT
FOR PSYCHOLOGICAL ISSUES RELATED TO DIFFICULT
WORK ENVIRONMENT

5. Will the patient require follow-up treatments, including any time for recovery? ___ No ✓ Yes.

Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

PATIENT WILL CONTINUE TO COME IN WEEKLY FOR THERAP

Explain the care needed by the patient, and why such care is medically necessary: _____

PATIENT NEEDS PSYCHOLOGICAL CARE

6. Will the patient require care on an intermittent or reduced schedule basis, including any time for recovery? ___ No ✓ Yes.

Estimate the hours the patient needs care on an intermittent basis, if any:

_____ hour(s) per day; _____ days per week   from _____ through _____

Explain the care needed by the patient, and why such care is medically necessary:

_____

_____

_____

_____

0
CONFIDENTIAL

DEERE_APPLEWHITE 001655

7. Will the condition cause episodic flare-ups periodically preventing the patient from participating in normal daily activities? _____ No ✓ Yes.

Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

Frequency: _60_ times per _____ week(s) _2_ month(s)

Duration: _____ hours or _1_ day(s) per episode

Does the patient need care during these flare-ups? _____ No ✓ Yes.

Explain the care needed by the patient, and why such care is medically necessary: _____

_Patient is triggered by work-related issues and_
_confrontations and may have panic attacks that requ_
_psychological support._

_____

ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER.

_____

_____

_____

_____

_____

_____

Tolada L. Lamara, LCPC

**Signature of Health Care Provider**

Lic. # 180.009274

12-23-15

**Date**

### PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.**

Form WH-380-F Revised May 2015

CONFIDENTIAL

DEERE_APPLEWHITE_001656