UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JAMAAL APPLEWHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-04106-SLD-JEH |
| ) | |
| DEERE & COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff Jamaal Applewhite brings suit alleging that Defendant Deere & Company, Inc. ("Deere") violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–54. Applewhite was granted in forma pauperis ("IFP") status in October 2018, *see* Oct. 11, 2018 Minute Entry, based on his Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF No. 4. The Court received information which casts doubt on the truthfulness of Applewhite's IFP Application. If a court determines that a plaintiff's allegation of poverty was false, the court must dismiss the suit. 28 U.S.C. § 1915(e)(2)(A). Therefore, the Court ORDERS Applewhite to submit a brief addressing whether he made a false allegation of poverty on his IFP Application.

BACKGROUND

Applewhite filed suit on June 11, 2018. Compl., ECF No. 1. His first application to proceed IFP, ECF No. 2, was denied without prejudice because he stated $0 or N/A for all categories of income, assets, and expenses. Aug. 3, 2018 Text Order. He filed his second application, the IFP Application, on August 15, 2018, declaring under penalty of perjury that his average monthly self-employment income for the past twelve months was $1,100 and that his average monthly public-assistance income for the past twelve months was $192. IFP

1

Application 1–2.  He reported no other income.  *Id.*  He declared that he anticipated receiving only $192 in income the following month.  *Id.* at 2.

After the parties proceeded through discovery, they filed cross-motions for summary judgment.  *See* Def.'s Mot. Summ. J., ECF No. 53; Pl.'s Mot. Summ. J., ECF No. 56.  The Court denied Applewhite's motion and granted in part and denied in part Deere's motion.  Nov. 30, 2020 Order, ECF No. 85.  The remaining claims are set for trial to begin on June 14, 2021.  Jan. 14, 2021 Text Order.

Applewhite recently filed a motion asking the Court to appoint an attorney to represent him because he cannot afford to hire one.  Mot. Attorney Representation 1, ECF No. 88.  In the motion, he states that the IFP Application "is still true and correct."  *Id.* at 2.  Deere opposes the motion, arguing that Applewhite's motion is not sufficiently detailed and that Applewhite has made sworn statements and nonjudicial representations which cast doubt on his motion.  *See* Resp. 2, ECF No. 90.  To its response, Deere attached excerpts from Applewhite's deposition transcript.  *See* Applewhite Dep., Resp. Ex. A, ECF No. 90-1.[1]

## DISCUSSION

### I.   Legal Standard

28 U.S.C. § 1915(a)(1) allows a court to authorize commencement and prosecution of a suit without prepayment of fees by a person who submits an affidavit stating his assets and that he is unable to pay such fees.  *See also Holly v. Wexford Health Servs., Inc.*, 339 F. App'x 633, 635–36 (7th Cir. 2009) ("A district court may allow an indigent plaintiff to file a lawsuit without

---

[1] Deere also attached a screenshot which it represents is of Applewhite's LinkedIn page and emails it sent to Applewhite asking for him to update his discovery responses based on information contained on the LinkedIn page, *see* Schott Emails & LinkedIn Screenshot, Resp. Ex. B, ECF No. 90-2, but the Court declines to rely on these documents for purposes of this order because Deere provides no information on when the screenshot was taken or by whom.

prepaying the required fees if the plaintiff submits an affidavit with a statement of his assets and attests that he is too poor to pay."). But the court must dismiss the person's suit if it determines that his "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Holly*, 339 F. App'x at 636 ("The district court is required to dismiss the case, however, if at any time the court learns that the allegation of poverty is untrue."). In this context, untrue "mean[s] something like 'dishonest' or 'false,' rather than simply 'inaccurate.'" *Robertson v. French*, 949 F.3d 347, 351 (7th Cir. 2020). "[A] court confronted with a false allegation of poverty need not wait for a motion to dismiss and can apply § 1915(e)(2)(A) sua sponte." *Holly*, 339 F. App'x at 636. If a court receives information that suggests a person's allegation of poverty is untrue, it "ha[s] the responsibility to determine whether [the party] accurately reported that he is too poor to prepay the fees, and if [he] lied, to dismiss the case." *See id.*

**II.    Discussion**

Here, Applewhite's deposition testimony suggests the information contained in his IFP Application is untrue. In his September 24, 2019 deposition, Applewhite testified that he received approximately $50,000 in total income in 2018, $5,000 to $20,000 of which was attributable to buying and selling electronics. Applewhite Dep. 52:12–17. He also testified that he made $50,000 "[m]ore or less" in 2017. *Id.* at 52:18–20. In his IFP Application, by contrast, Applewhite asserted he was making an average of $1,100 monthly, equating to approximately $13,200 in the twelve months prior to August 2018. It appears, then, that Applewhite failed to list substantial income he received in 2017 and 2018 on his IFP Application. If so, the Court must dismiss this suit.

Before making a factual finding as to whether Applewhite's allegation of poverty was untrue, the Court will give Applewhite the opportunity to respond. The Court therefore ORDERS Applewhite to submit a brief addressing whether the income reported on his IFP Application was false. He should explain the discrepancy between his deposition testimony and the representations he made on his IFP Application and provide supporting evidence, if possible.

## CONCLUSION

Accordingly, the Court finds that Plaintiff Jamaal Applewhite's deposition testimony casts doubt on his allegation of poverty and ORDERS Applewhite to submit a brief addressing whether the income reported on his Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 4, was false by February 25, 2021.

Entered this 11th day of February, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
